```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:08CV182-02-MU
```

```
CHARLES J. RIPPY, JR.,          )
     Plaintiff,                  )
                                 )
      v.                         )         ORDER
                                 )
B. OWENS, Captain at the         )
  Pamlico Correctional Insti-    )
  tution; and                    )
W. JONES, Nurse at the           )
  Pamlico Correctional Insti-    )
  tution,                        )
     Defendants.                 )
_____)
```

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint brought under 42 U.S.C. §1983, filed April 23, 2008. For the reasons stated herein, this Complaint will be <u>dismissed</u> without prejudice.

Plaintiff's Complaint consists of approximately 25 pages of information, the vast majority of which is undecipherable and/or nonsensical. In any event, as best as this Court can determine, Plaintiff is attempting to sue a prison guard and a prison nurse on the basis of his allegations that: (1) on an unspecified occasion, he injured one of his shoulders while exercising; (2) Nurse Jones failed adequately to diagnose and treat his injury; and (3) on another unspecified occasion, Captain Owens placed

him in segregated confinement for no apparent reason.

Nevertheless, in addition to the fact that Plaintiff reports that he currently has a law suit pending in the Eastern District of North Carolina involving these same facts, and the fact that he submitted attachments to his Complaint which tend to show that he also has a proceeding pending before the North Carolina Industrial Commission involving some or all of these facts, there is yet another reason why he cannot bring this action before this Court.

Indeed, the Pamlico Correctional Institution, where these incidents allegedly occurred and where defendants reportedly are employed, is situated within the Eastern District of North Carolina. Likewise, Defendants Owens and Jones likely reside within that judicial district. Thus, this Court is not the proper venue in which to bring the instant Complaint. 28 U.S.C. §1391(b) (explaining venue in cases based upon federal question jurisdiction).

Based upon the foregoing, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice so that he can decide whether or not to re-file it in the proper judicial district. See 28 U.S.C. §1406(a) (a district court which lacks venue may dismiss or, if in the interest of justice, transfer an action to a district in which venue is proper); see also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); Hohensee v. News Syndicate, Inc., 369 U.S. 659 (1962); and Porter v. Groat, 840

F.2d 255, 258 (4th Cir. 1988).

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** to his right to re-file this action in the proper division of the United States District Court for the Eastern District of North Carolina.

**SO ORDERED.**

Signed: April 28, 2008

Graham C. Mullen
United States District Judge